(100 App. Div. 230)

### In re MAGINN.

(Supreme Court, Appellate Division, Fourth Department.   January 18, 1905.)

1. INSANE PERSONS—APPLICATION FOR COMMITTEE—HEARING.

On a petition under Code Civ. Proc. § 2323a, for the appointment of a committee for an incompetent person confined in a state institution, an objection that the proceeding was not noted for the first day of the term was of no merit.

2. SAME—NOTICE OF PROCEEDINGS—OBJECTION TO NOTICING FOR FIRST DAY OF TERM—HEARING APPLICATION THE FOLLOWING DAY—ORDER TO SHOW CAUSE—FAILURE TO SERVE NOTICE OF ORDER TO SHOW CAUSE.

On a petition under Code Civ. Proc. § 2323a, for the appointment of a committee for an insane person confined in a state institution, objection was made that the proceedings were not noticed for the first day of the term, and an order was made that the application be dismissed, but that petitioner might apply at once for an order to show cause why the application should not be heard the following day, and on the next day an order was entered reciting the proceedings and appointing a committee, but there was no recital in the latter order that the application as originally made was dismissed. *Held*, that the clause in the first order dismissing the application was apparently an inadvertence, and hence it was not necessary that notice of the order to show cause should have been served on the incompetent as well as on his counsel.

3. SAME—APPEAL—WAIVER OF RIGHT TO APPEAL.

Where, on a petition under Code Civ. Proc. § 2323a, for the appointment of a committee for an incompetent confined in a state institution, the order appointing the committee provided that counsel for the incompetent should be provided with funds for expenses in a pending habeas corpus proceeding, and that the committee should pay costs of the proceedings in which the order was made, the acceptance of funds under such order by the counsel did not waive a right to appeal from the order.

Appeal from Special Term, Oneida County.

Judicial proceedings on an application for the appointment of a committee of the person and estate of Edward Maginn, an alleged incompetent person.   From an order appointing a committee the incompetent appeals.   Motion to dismiss appeal denied, and order affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Irving K. Baxter, for appellant.
Cookinham & Sherman and W. A. Matteson, for respondents.

WILLIAMS, J.   The motion to dismiss the appeal should be denied, and the order affirmed, with costs.

There seems to be no doubt as to the incompetency of Maginn, and his inability to care for his personal property.   He was under arrest for a criminal offense in January, 1901, and an investigation as to his mental condition was had before the county judge of Oneida county, resulting in his commitment to the State Hospital in Utica January 3, 1901.   He has remained there ever since.   No effort was made to prove his competency or to procure his discharge until more than three years after his commitment, when this proceeding was instituted. About that time a habeas corpus proceeding was instituted, and an ex-

tended hearing was had before Ex-Justice Milton H. Merwin and two other men as referees. They finally made a report that he was incompetent, and not a proper person to be at large. The writ was thereupon dismissed, and Maginn still remains in the State Hospital. The habeas corpus proceeding was commenced early in April, 1904, and the report of the referees was made September 28, 1904. A proceeding for the appointment of a committee was first suggested by Mr. Baxter, the attorney for the appellant herein, early in March, 1904. He then endeavored to have the board of charities of the city of Utica make such application under section 2324, Code Civ. Proc., and requested the commissioners to employ him as attorney to do the business. This board declined to act in the premises, and thereafter this application was made under section 2323a of the Code. The petition was verified March 18, 1904, and was served, with notice of hearing, upon Maginn and the superintendent of the hospital. The application pursuant to the notice came on for hearing at a Special Term of the Supreme Court in Oneida county on the 28th day of March, 1904. Mr. Baxter, who had earlier in the month endeavored to have another application made for the appointment of a committee, appeared in this proceeding, and opposed the application, being authorized by Maginn so far as he could give such authority. One of the objections—that the proceeding was not noticed for the first day of the term—was regarded by the court as a good one, no reason appearing why the notice was not for the first day of the term. The court thereupon held that this objection should be sustained, but an order to show cause why the application should not be heard the following day upon the same papers would at once be made. No order was then drawn up or entered. The order to show cause was made the same day, and required service thereof upon Maginn or his attorney, Baxter. Service was made that day upon Baxter, but not on Maginn, and on the 29th of March, 1904, the application was made, and the court held that it would appoint the committee. Thereafter the two orders of March 28th and 29th were prepared and signed, and both were entered the same day, April 1, 1904. The order of March 28th contained the provision that the application be dismissed, and petitioner might apply at once for an order to show cause, etc., upon the same papers. The order to show cause was why an order should not be made appointing a committee, as prayed for in the petition theretofore served. The order of March 29th recited the proceedings had in the matter, and, among other things, that the court held the objection to hearing the motion March 28th was well taken, and granted the petitioner leave to apply for an order to show cause why the application should not be heard on the 29th on the same and any new papers. There was no recitation that the application made March 28th was dismissed, but the whole was treated as a single proceeding upon the same petition, the order to show cause being rendered necessary merely by reason of the objection made by Baxter already referred to. The clause in the first order dismissing the application was apparently inserted through inadvertence. Reading the two orders together, they having been entered at the same time, we think the whole should be considered as one and the same proceeding.

The point raised upon this appeal is that no personal service upon Maginn of the notice of the application made on the 29th of March was made, and, inasmuch as the section of the Code requires such personal service, the court acquired no jurisdiction of the proceeding. Maginn had notice of the commencement of the proceeding by personal service of the petition and original notice, and all that was thereafter done was in that one proceeding pursuant to that notice. There was no real merit in the objection to a hearing on the 28th, and the court might well have overruled it and made the order appointing a committee on that day. It saw fit, however, to continue the proceeding to the next day, and made and provided for service of the order to show cause, and then the application was properly heard and disposed of. There seems to be no objection to the persons appointed as committee, and the need of a committee is undoubted. The objection here raised is technical, and without real merit, and the order should not be reversed.

It is claimed that we should dismiss the appeal upon the facts appearing upon the motion. The order provided that the committee should pay the hospital the amount due it for the care of Maginn, and the committee complied with that provision. It also provided that Baxter should have free access to Maginn during the continuance of the habeas corpus proceedings, and that provision was complied with. It also provided that the committee should supply Baxter with money for expenses in the habeas corpus proceedings, and should pay him $20 costs of the proceeding in which the order was made. These provisions were complied with, and Baxter was paid for the expenses referred to $100, and costs $20. It is said we should hold that by accepting the moneys provided to be paid Baxter for the benefit of Maginn the appeal and the right to appeal from the order had been waived. We conclude, however, to deny the motion to dismiss the appeal, and affirm the order appealed from, which is accordingly done.

Order affirmed, with costs. All concur.